**The document below is hereby signed.**

**Dated: June 3, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA
```

In re                          )
                               )
JOY FREEMAN-COULBARY,          )    Case No. 11-00864
                               )    (Chapter 13)
            Debtor.            )    **Not for Publication in**
                               )    **West's Bankruptcy Reporter**

MEMORANDUM DECISION RE TRUSTEE'S
<u>OBJECTION TO UNSECURED CLAIM BY EJF REAL ESTATE SERVICES, INC.</u>

EJF Real Estate Services, Inc. ("EJF") has filed a proof of claim (Claim No. 6-1 on the Claims Register) for an unsecured priority claim as an administrative expense in the amount of $1,603.45 for postpetition condominium fees.  The trustee objects on the grounds that the claim is not entitled to priority under 11 U.S.C. § 507(a)(2) and that it does not comply with 11 U.S.C. § 1305.

I

The court will not analyze the claim's entitlement to priority as an administrative expense because EJF has not filed a proper request for payment of an administrative expense.  EJF filed a proof of claim, but "[a] request for payment of an administrative expense is not properly asserted in a proof of

claim."  4 COLLIER ON BANKRUPTCY ¶ 503.02[1] (16th ed.); *see also In re Perkins*, 304 B.R. 477, 481 (Bankr. N.D. Ala. 2004).  Under 11 U.S.C. § 503(a), an "entity may timely file a request for payment of an administrative expense."  A proof of claim is not a substitute for such a request.  *In re First Century Corp.*, 166 B.R. 47, 48 (Bankr. M.D. Pa. 1994).[1]

Moreover, even if EJF renews its assertion by filing a procedurally proper request for payment of an administrative expense, EJF will be confronted with the debtor's schedules which show overwhelmingly a lack of equity in the condominium and an issue of how a benefit has been conferred on the estate if there is no equity.  However, the court will not address that issue at this juncture.

## II

The trustee objects on the additional basis that this claim cannot be allowed under 11 U.S.C. § 1305.  Section 1305 permits an entity to file a proof of claim for taxes payable after the filing of the petition or for certain postpetition consumer debts.  The court will sustain the trustee's objection because allowing EJF's claim under section 1305 would violate the terms of the confirmed plan.

EJF had a contingent claim for postpetition condominium fees

---

[1] Such a request must be pursued by a motion.  Fed. R. Bankr. P. 9013.

on the date of the filing of the debtor's chapter 13 petition. The express terms of the confirmed plan provide for payment of EJF's claim for postpetition condominium fees, stating that the debtor "shall maintain post-petition payments directly while case is pending" to EJF.  EJF now seeks to have its claim paid through the plan rather than directly by the debtor.  This is not permissible as it contradicts the plan's provisions.  EJF has remedies to address the non-payment.  First, it may work out a payment arrangement with the debtor because the debtor is already authorized and obligated to pay the condominium fees directly, and it may seek dismissal of the case if the debtor does not make payment on an acceptable schedule.  Alternatively, it may file a motion for relief from the automatic stay to seek leave to pursue enforcement of its claim.

                                III

   For these reasons, a separate order follows which sustains the trustee's objection to EJF Real Estate Services, Inc.'s claim (Claim No. 6-1 on the Claims Register).

                                        [Signed and dated above.]


Copies to: Debtor; recipients of e-notification of orders;

Steven M. Buckman
BuckmanLegal, PLLC
4315 50th Street NW, Suite 60
Washington, D.C. 20016
[Attorney for claimant]

3